Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNHARD KÜHMSTEDT, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1. COPYRIGHT INFRINGEMENT |
| NETEASE, INC., a Cayman Islands Corporation; and DOES 1 through 10, | 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT |
| Defendants. | 3. VIOLATION OF THE DMCA: 17 U.S.C. § 1202 |
| | Jury Trial Demanded |

1
COMPLAINT

Plaintiff, by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. It is also proper under Fed. R. Civ. P. 4(k)(2) since this claim arises under federal law, Defendant Netease, Inc. appears to not be subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the United States Constitution and laws.

## PARTIES

4. Plaintiff BERNHARD KÜHMSTEDT ("KÜHMSTEDT") is an individual, residing in Munich, Germany.

5. Plaintiff is informed and believes and thereon alleges that Defendant NETEASE, INC. ("NETEASE") is a corporation organized and existing under the laws of the Cayman Islands, with its principal place of business at 26F SP Tower D, Tsinghua Science Park, Building 8, No. 1 Zhongguancun East Road, Haidian District, Beijing, People's Republic of China, 100084. NetEase is registered to do business in the State of Delaware under its former English name, NetEase.com (U.S.) Inc.

6. Plaintiff is informed and believes and thereon alleges that Defendant NETEASE has been listed on the NASDAQ Global Select Market since June 30, 2000, under the ticker symbol "NTES," and regularly files reports with the United States Securities and Exchange Commission. Upon information and belief,

Defendant NETEASE maintains an Investor Relations contact in New York, New York, in the United States.

7. NETEASE is the owner of the websites at http://163.com, http://netease.com, and http://lofter.com (collectively, the "NETEASE WEBSITES"). Indeed, the investor relations page of netease.com (http://ir.netease.com/phoenix.zhtml?c=122303&p=irol-IRHome) links to its United States SEC Form 6-K filing which explains that "NetEase, Inc. (NASDAQ: NTES) is a leading internet technology company in China" and to its Q1 2018 Investor Presentation which promotes that "163.com is one of China's most visited internet portals."

8. Plaintiff is informed and believes that NETEASE is the parent of its wholly owned subsidiary Netease Information Technology Corporation ("NETEASE IT"), a California corporation with its principal place of business at 200 Sierra Point Parkway, Ste 800, Brisbane, California 94005. NETEASE IT provides "market research and information collection" for NETEASE, which includes finding and providing content to NETEASE, and is believed to have worked with NETEASE with regard to the infringements at issue in this action.

9. NETEASE generates substantial revenues from viewership at http://163.com and http://netease.com and by residents of the United States—indeed, between September to November 2019 alone, there were approximately 1.82 million visits to http://163.com from computers in the United States. The NETEASE WEBSITES are websites that derive revenue in large part from advertising.

10. The images on http://163.com, including the infringing images at issue in this case, are made available to United States viewers, including in this judicial district, through servers in the United States pursuant to an agreement between NETEASE and California-based Quantil Networks' delivery network (www.quantil.com).

11. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

12. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## INTRODUCTION AND STATEMENT OF FACTS

13. KÜHMSTEDT is a commercial photographer known for his iconic celebrity portraits. Three (3) of his original photographs, set forth below as Subject Photographs 1 through 3 and referenced hereinafter as the "Subject Photographs," have been misappropriated and published without permission (or payment of a licensing fee) by the for-profit website http://163.com.

14. Defendants misappropriated, distributed, and published the Subject Photographs on the NETEASE WEBSITES, and did so without seeking authorization from, or even notifying, KÜHMSTEDT. This is copyright infringement.

15. Plaintiff is informed and believes and thereon alleges that NETEASE accessed the Subject Photographs with the assistance of its California subsidiary NETEASE IT via an online search-and-copy campaign and then the NETEASE WEBSITES published the Subject Photographs without KÜHMSTEDT's consent.

16. NETEASE purposefully directed activities towards the United States market by, *inter alia*, setting up wholly-owned California subsidiary, setting up investor relations contacts in New York and placing itself on a New York-based exchange, and contracting with California-based Quantil Networks to deliver content to the sizeable market of Chinese-speaking viewers in the United States through a system of servers located throughout the United States—the very activities out of which claims at issue arise.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPHS

17. KÜHMSTEDT created an original photograph of the Backstreet Boys pop music band that was first published abroad ("Subject Photograph 1"). Plaintiff is the sole owner of the exclusive rights in Subject Photograph 1.

18. Subject Photograph 1 is not a United States work within the meaning of 17 U.S.C., § 101.

19. As a result of the foregoing, Plaintiff is exempt from the registration requirements set out at 17 U.S.C., § 411(a).

20. A true and correct comparison of Plaintiff's Subject Photograph 1 and screen captures of Defendant's website with Subject Photograph 1 embedded are set forth below:

//
//
//

**Subject Photograph 1**



**Screen Captures**





21. KÜHMSTEDT created an original photograph of the N'Sync pop music band that was first published abroad ("Subject Photograph 2"). Plaintiff is the sole owner of the exclusive rights in Subject Photograph 2.

22. Subject Photograph 2 is not a United States work within the meaning of 17 U.S.C., § 101.

23. As a result of the foregoing, Plaintiff is exempt from the registration requirements set out at 17 U.S.C., § 411(a).

24. A true and correct comparison of Plaintiff's Subject Photograph 2 and a screen capture of Defendant's website with Subject Photograph 2 embedded are set forth below:

**Subject Photograph 2**



//

**Screen Capture**



25. KÜHMSTEDT created an original photograph of the Roxette music group that was first published abroad ("Subject Photograph 3"). Plaintiff is the sole owner of the exclusive rights in Subject Photograph 3.

26. As a result of the foregoing, Plaintiff is exempt from the registration requirements set out at 17 U.S.C., § 411(a).

27. Subject Photograph 3 is not a United States work within the meaning of 17 U.S.C., § 101.

28. A true and correct comparison of Plaintiff's Subject Photograph 3 and a screen capture of Defendant's website with Subject Photograph 3 embedded are set forth below:

//

//

//

**Subject Photograph 3**



**Screen Captures**



//

//

m.house.163.com/tongliao/xf/web/news_detail.shtml?docid=F034TCC405506BEH
網易
房产频道
这段悼文让很多歌迷倍觉感慨。
1978年，玛丽和佩尔·格斯勒相识于哈尔姆

3g.163.com/dy/article_cambrian/F034TCC405506BEH.html
網易
订阅频道
119跟贴

//

//



# FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

29. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating an infringing and/or derivative work from the Subject Photographs and by publishing the work which infringes the Subject Photographs to the public, including without limitation, on and through its website(s).

31. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's rights by copying the Subject Photographs without Plaintiff's authorization or consent, creating an unlawful derivative work from the Subject Photographs, and removing any attribution to Plaintiff from the Subject Photographs.

32. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photographs, including, without limitation, through viewing the Subject Photographs on Plaintiff's website, publications, profiles, exhibitions and/or through other authorized channels, over the internet, including without limitation as accessed via a search engine, or through a third-party source.

33. Plaintiff is further informed and believes and thereon alleges that certain Defendants have an ongoing business relationship with one or more of the other Defendants, and that those Defendants transacted in order to traffic in the infringing images.

34. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

35. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photographs in an amount to be established at trial.

36. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

37. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

38. Plaintiff is informed that Defendant NETEASE claims that the NETEASE WEBSITES are not owned by, registered to, or administered by NETEASE, and claims that the websites http://163.com and http://netease.com are registered to Guangzhou NetEase Computer System Co., Ltd., a Chinese company located in Guangdong, China, and http://lofter.com is registered to Hangzhou Yaolu Technology Co., Ltd., a Chinese company located in Hangzhou, China.

39. Plaintiff is informed and believes and thereon alleges that Guangzhou NetEase Computer System Co. Ltd. is an Internet service provider ("ISP") which is either a subsidiary or affiliate of Defendant NETEASE and is used by NETEASE as a data center, for web hosting and for transit of information and content for the websites http://163.com and http://netease.com.

40. Plaintiff is informed and believes and thereon alleges that Hangzhou Yaolu Technology Co., Ltd is an ISP which is used by Defendant NETEASE as a data center, for web hosting and for transit of information and content for the website http://lofter.com.

41. Plaintiff is informed and believes and thereon alleges that the images on http://163.com, http://netease.com, and http://www.lofter.com, including the infringing images at issue in this case, are hosted by the above named ISP data centers and transmitted by these ISPs to servers in the United States through an agreement between Defendant NETEASE and Quantil Networks' delivery network

("Quantil"), making the infringing images at issue in this case available to viewers in the United States, including in New York, New York.

42. Plaintiff is informed and believes and thereon alleges that Defendant NETEASE, through its agreements with the above-named ISPs and with Quantil, knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photographs as alleged hereinabove.

43. Plaintiff is informed and believes and thereon alleges that Defendant NETEASE, through its agreements with the above named ISPs and with Quantil, knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction publication, and distribution of the Subject Photographs as alleged hereinabove.

44. Plaintiff is informed and believes and thereon alleges that NETEASE had the right and ability to supervise the infringing conduct and had a direct financial interest in the infringing conduct. Specifically, it had the ability to oversee the development, publication, and distribution of the infringing imagery at issue and realized profits through the distribution and publication of the Subject Photographs.

45. By reason of the Defendants' acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

46. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photographs, in an amount to be established at trial.

47. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement, in addition to claims for costs and attorneys' fees. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

### THIRD CLAIM FOR RELIEF

(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202 – Against all Defendants, and Each))

48. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

49. Plaintiff's photography was routinely published with attribution, credit, and other copyright management information. His name, the title of the publication, and other indicia of authorship would be visible on his work.

50. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, removed Plaintiff's copyright management information, as described above, from one or more of the Subject Photographs, and/or added false copyright management information to one or more of the Subject Photographs, before publishing same.

51. Specifically, Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, published the Subject Photographs under its own name and on website(s) bearing its own name and titles.

52. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c) and is false.

53. When Defendants published the Subject Photographs, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. § 1202(a).

54. As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under the Digital Millennium Copyright Act.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyright in and to the Subject Photographs;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. §504 et seq.;

c. That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. § 505 et seq.;

d. That a trust be entered over the disputed works, and all profits realized through the infringement;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded the costs of this action; and

g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

           Respectfully submitted,

Dated: March 2, 2020         DONIGER / BURROUGHS

By:  */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Stephen M. Doniger, Esq.
Justin M. Gomes, Esq.
Attorneys for Plaintiff