MATTHEW LEWIS (SBN 155516)
Email: mlewis@whitecase.com
WHITE & CASE LLP
555 South Flower Street, Suite 2700
Los Angeles, CA 90071-2433
Telephone:   (213) 620-7700
Facsimile:   (213) 452-2329

JEREMY T. ELMAN (SBN 223696)
email: jelman@whitecase.com
WHITE & CASE LLP
3000 El Camino Real
Two Palo Alto Square, Suite 900
Palo Alto, CA  94306
Telephone:   (650) 213-0300
Facsimile:   (650) 213-8158

STEFAN M. MENTZER (admitted *pro hac vice*)
email: smentzer@whitecase.com
TIMOTHY F. KEEGAN (admitted *pro hac vice*)
email: timothy.keegan@whitecase.com
DANIEL LEDESMA (admitted *pro hac vice*)
email: daniel.ledesma@whitecase.com
WHITE & CASE LLP
1221 Avenue of the Americas,
Floor 49 Reception
New York, NY  10020
Telephone:  (212) 819-8200
Facsimile:   (212) 354-8113

Attorneys for Defendant NetEase, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNHARD KUHMSTEDT,<br><br>                Plaintiff,<br><br>        v.<br><br>NETEASE, INC., et al.,<br><br>                Defendants. | Case No. 2:20-cv-02044-VAP-E<br><br>**NETEASE, INC.'S NOTICE OF RELATED CASES** |

Pursuant to Local Rule 83-1.3, defendant NetEase, Inc. ("NetEase") states that the above-captioned case, *Kühmstedt v. NetEase, Inc.*, No. 2:20-cv-02044-VAP-E (C.D. Cal.) (filed Mar. 2, 2020), is related to the following actions filed and currently pending in the United States District Court for the Central District of California:

1. *Stross v. NetEase, Inc.*, No. 2:20-cv-00861-AB-PJW (C.D. Cal.) (filed Jan. 28, 2020) assigned to Judge Andre Birotte Jr.

2. *Walmsley v. NetEase, Inc.*, No. 2:20-cv-00863-DMG-MAA (C.D. Cal.) (filed Jan. 28, 2020) assigned to Judge Dolly M. Gee.

3. *Ledergerber v. NetEase, Inc.*, No. 2:20-cv-00862-RGK-KS (C.D. Cal.) (filed Jan. 28, 2020) assigned to Judge R. Gary Klausner.

Collectively, the four actions (the "Related Actions") call for determination of the same or substantially related or similar questions of law and fact, and would entail substantial duplication of labor if heard by different judges.

## I.    THE ACTIONS CALL FOR DETERMINATION OF THE SAME, SUBSTANTIALLY RELATED, OR SIMILAR QUESTIONS OF LAW AND FACT

Plaintiffs in the Related Actions assert the same cause of action – copyright infringement arising from the alleged infringement of plaintiffs' photographic works. Plaintiffs in the Related Actions have named the same defendant, NetEase, a Cayman Islands corporation with no offices, employees, or operations in the United States. NetEase has filed or expects to file motions to dismiss the complaints in each of the Related Actions asserting, among other defenses, lack of personal jurisdiction, lack of jurisdiction under Federal Rule of Civil Procedure 4(k)(2), and *forum non conveniens*. The legal standards for these defenses, and the issues in dispute in each of these motions to dismiss, are similar. These issues include:

-1-

1      • Whether the Court lacks general personal jurisdiction to hear these
2         actions;

3      • Whether the Court lacks specific personal jurisdiction to hear these
4         actions;

5      • Whether the Court lacks jurisdiction under Rule 4(k)(2);

6      • Whether sufficient minimum contacts warrant a court's exercise of
7         jurisdiction, including whether NetEase purposefully directed its
8         activities with California or the United States, whether plaintiffs'
9         claims arise out of or relate to NetEase's forum-related activities, and
10        whether the exercise of jurisdiction comports with fair play and
11        substantial justice, *i.e.*, is reasonable; and

12     • Whether an adequate alternative forum exists, and whether the balance
13        of private and public interest factors favors dismissal.

14      If the cases proceed beyond the motion-to-dismiss phase, the Court would
15 have to determine similar issues, for example issues of direct liability or secondary
16 liability under the U.S. Copyright Act, 17 U.S.C. § 501, for the alleged posting of
17 copyrighted images on the same website, 163.com.

18      For these and other reasons, the Related Actions meet the criteria case
19 relation because determining the motions to dismiss calls for "determination of the
20 same or substantially related or similar questions of law and fact." L.R. 83-
21 1.3.1(b).

22 **II.    SUBSTANTIAL DUPLICATION OF LABOR WOULD ARISE IF THE**
23 **CASES ARE HEARD BY DIFERENT JUDGES**

24      Under Local Rule 83-1.3.1(c), these cases would entail substantial
25 duplication of labor if heard by different judges.

26      First, the District Judges in each action separately would have to decide
27 NetEase's motions to dismiss on jurisdictional and *forum non conveniens* grounds.
28 Such disputes would be completed more efficiently if heard by one District Judge.

-2-

1    Second, if these actions are not dismissed, relating the cases will allow the

2  coordination of fact and expert discovery and has the potential to reduce the time

3  and effort spent resolving discovery disputes.  Plaintiffs in the Related Actions will

4  likely seek similar discovery of NetEase, and any potential expert discovery in the

5  four cases will involve similar issues.  Four District Judges separately would have

6  to determine common discovery disputes that may arise if the cases are not related.

7    Third, if these actions are not dismissed, NetEase likely will raise similar

8  issues on motions for summary judgment regarding plaintiff's allegations of

9  copyright infringement.  Four District Judges separately would have to adjudicate

10  common issues on the merits if the cases are not related.

11    For these reasons, Defendant NetEase respectfully submits that litigating

12  these cases separately would necessarily "entail substantial duplication of labor if

13  heard by different judges."  L.R. 83-1.3.1(c).

14                          <u>**CONCLUSION**</u>

15    For the reasons set forth above, NetEase respectfully requests that the instant

16  action be deemed related for purposes of related case transfer, and transferred to

17  Judge Birotte Jr who currently presides over the first filed case of these Related

18  Actions.

19

20  Dated:  April, 17 2020                 WHITE & CASE LLP

21

22                                          /s/ *Stefan M. Mentzer*_____

23                                          Stefan M. Mentzer

24                                          *Attorneys for NetEase, Inc.*

25

26

27

28

-3-