MATTHEW LEWIS (SBN 155516)
Email: mlewis@whitecase.com
WHITE & CASE LLP
555 South Flower Street, Suite 2700
Los Angeles, CA 90071-2433
Telephone:  (213) 620-7700
Facsimile:   (213) 452-2329

JEREMY T. ELMAN (SBN 223696)
email: jelman@whitecase.com
WHITE & CASE LLP
3000 El Camino Real
Two Palo Alto Square, Suite 900
Palo Alto, CA  94306
Telephone:  (650) 213-0300
Facsimile:   (650) 213-8158

STEFAN M. MENTZER (admitted *pro hac vice*)
email: smentzer@whitecase.com
TIMOTHY F. KEEGAN (admitted *pro hac vice*)
email: timothy.keegan@whitecase.com
DANIEL LEDESMA (admitted *pro hac vice*)
email: daniel.ledesma@whitecase.com
WHITE & CASE LLP
1221 Avenue of the Americas,
Floor 49 Reception
New York, NY  10020
Telephone:  (212) 819-8200
Facsimile:   (212) 354-8113

Attorneys for Defendant NetEase, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD KÜHMSTEDT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NETEASE, INC., et al.,<br><br>Defendants. | Case No.  2:20-cv-02044 AB(PJWx)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF NETEASE, INC.'S MOTION TO DISMISS**<br><br>Hearing Date:  Friday, July 17, 2020 at 10:00 a.m.<br><br>Courtroom: 350 West 1st Street, #7B Los Angeles, CA 90012<br><br>Judge:  Hon. André Birotte Jr. |

1

**TABLE OF CONTENTS**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I.      INTRODUCTION ............................................................................... 1

II.     BACKGROUND ................................................................................. 1

III.    ARGUMENT ...................................................................................... 2

        A.    The Court Lacks Personal Jurisdiction ..................................... 2

              1.    Legal Standard ................................................................. 2

              2.    The Court Lacks General Personal Jurisdiction ............ 3

              3.    The Court Lacks Specific Personal Jurisdiction and
                    Jurisdiction under Rule 4(k)(2) ...................................... 3

                    a.    Due Process Prong 1:  NetEase Did Not Purposefully
                          Direct Activities to California or the United States ......... 5

                          i.     NetEase Committed No Intentional Act ................ 5

                          ii.    NetEase Did Not Expressly Aim Any Act at
                                 California or the United States .............................. 8

                          iii.   NetEase Caused No Foreseeable Harm
                                 within California or the United States ................. 11

                    b.    Due Process Prong 2:  Plaintiff's Claim Does Not
                          Arise from NetEase's Contacts with the Forum ............. 12

                          i.     NetEase's Alleged Contacts with California
                                 Are Not Claim-Related ......................................... 12

                          ii.    NetEase's Alleged Contacts with the United
                                 States Are Not Claim-Related .............................. 13

                    c.    Due Process Prong 3:  Exercising Personal
                          Jurisdiction over NetEase Would Be Unreasonable ....... 16

                          i.     Reasonableness Factor 1:  NetEase Did Not
                                 Purposefully Inject Itself into the Forum ............. 16

                          ii.    Reasonableness Factors 2 & 5:  Litigating in
                                 the Forum Would Be Burdensome and
                                 Inefficient ............................................................. 17

                          iii.   Reasonableness Factor 3:  Forcing NetEase
                                 to Litigate in California and the United
                                 States Would Conflict with China's
                                 Sovereignty ........................................................... 19

i

iv.   Reasonableness Factor 4:  California and the
        United States Have No Interest in
        Adjudicating This Dispute ................................... 19

v.    Reasonableness Factors 6 & 7:  Plaintiff's
        Choice of Forum is Entitled to Little Weight ....... 19

B.   The Complaint Should Be Dismissed for *Forum Non
     Conveniens* ........................................................................ 20

   1.   China Is an Adequate Alternative Forum ................................. 21

   2.   The Balance of Private and Public Factors Warrants
        Dismissal ...................................................................... 21

        a.   The Balance of Private Interests Supports Dismissal ..... 22

        b.   The Balance of Public Factors Supports Dismissal ........ 23

C.   The Complaint Fails to State a Claim under Rule 12(b)(6) ................ 24

IV.   CONCLUSION ............................................................... 25

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Apps v. Universal Music Grp., Inc.,*
283 F. Supp. 3d 946 (D. Nev. 2017) ................................................................... 24

*Asahi Metal Indus. Co. v. Superior Court,*
480 U.S. 102 (1987) ........................................................................................ 19

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) .......................................................................................... 7

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.,*
874 F.3d 1064 (9th Cir. 2017) ........................................................................ 15

*Barantsevich v. VTB Bank,*
954 F. Supp. 2d 972 (C.D. Cal. 2013) ............................................................. 13

*Best v. AT&T Inc.,*
No. 1:12-cv-564, 2014 U.S. Dist. LEXIS 142776
(S.D. Ohio Sept. 16, 2014) ................................................................................ 7

*Black v. Ritz-Carlton Hotel Co., LLC,*
977 F. Supp. 2d 996 (C.D. Cal. 2013) ............................................................. 24

*Bragg Live Foods, Inc. v. Eco Action SDN BHD,*
No. 15-cv-8261-DSF-JPRx, 2016 U.S. Dist. LEXIS 186410
(C.D. Cal. Apr. 29, 2016) .................................................................................. 9

*Branca v. Ocwen Loan Servicing, LLC,*
No. 13-cv-7502-BRO-Ex, 2013 U.S. Dist. LEXIS 201815
(C.D. Cal. Dec. 27, 2013) .................................................................................. 7

*Brunswick Rail Mgmt. v. Sultanov,*
No. 5:17-cv-00017, 2017 U.S. Dist. LEXIS 86882
(N.D. Cal. June 6, 2017) .................................................................................. 10

*Callaway Golf Corp. v. Royal Canadian Golf Ass'n,*
125 F. Supp. 2d 1194 (C.D. Cal. 2000) ..................................................... 16, 19

iii

*CollegeSource, Inc. v. AcademyOne, Inc.*,
  653 F. 3d 1066 (9th Cir. 2011) .......................................................... 16

*Creative Tech., Ltd. v. Aztech Sys. PTE*,
  61 F.3d 696 (9th Cir. 1995) ................................................................. 21

*Doe v. Unocal Corp.*,
  248 F.3d 915 (9th Cir. 2001) ......................................................... 3, 6, 7

*Fireman's Fund Ins. Co. v. Nat. Bank of Coops.*,
  103 F.3d 888 (9th Cir. 1996) ................................................................. 2

*Fumoto Giken Co. v. Mistuoka*,
  No. 14-cv-9797-DMG-MRWx, 2015 U.S. Dist. LEXIS 187112
  (C.D. Cal. Apr. 16, 2015) ............................................................ 4, 9, 15

*Heidelberg USA, Inc. v. PM Lithographers, Inc.*,
  No. 17-cv-02223-AB-AJWx, 2017 U.S. Dist. LEXIS 218428
  (C.D. Cal. Oct. 19, 2017) ............................................................. passim

*Holland Am. Line Inc. v. Wärtsilä N. Am.*,
  485 F.3d 450 (9th Cir. 2007) ....................................................... 4, 9, 12

*Int'l Shoe Co. v. Wash.*,
  326 U.S. 310 (1945) ............................................................................... 2

*Kleiner v. Spinal Kinetics, Inc.*,
  No. 5:15-cv-02179-EJD, 2016 U.S. Dist. LEXIS 52492
  (N.D. Cal. Apr. 19, 2016) ................................................................... 20

*Loya v. Starwood Hotels & Resorts Worldwide, Inc.*,
  583 F.3d 656 (9th Cir. 2009) ............................................................... 23

*Lueck v. Sundstrand Corp.*,
  236 F.3d 1137 (9th Cir. 2001) ....................................................... 20, 22

*Melaleuca, Inc. v. Kot Nam Shan*,
  No. 4:18-cv-00036, 2018 U.S. Dist. LEXIS 71296
  (D. Idaho Apr. 24, 2018) ..................................................................... 17

*Michael Grecco Prods., Inc. v. NetEase, Inc.*,
  No. 3:19-cv-01852-VC, 2019 U.S. Dist. LEXIS 111730
  (N.D. Cal. July 3, 2019) ........................................................................ 2

*Michael Grecco Prods., Inc. v. NetEase Info. Tech. Corp.*,
   No. 2:18-cv-03119-DSF-RAO, 2018 U.S. Dist. LEXIS 224045
   (C.D. Cal. Sept. 24, 2018) ........................................................ 2, 10, 11

*Michael Grecco Prods., Inc. v. NetEase Info. Tech. Corp.*,
   No. 2:18-cv-03119-DSF-RAO, 2018 U.S. Dist. LEXIS 227226
   (C.D. Cal. Aug. 28, 2018) ................................................................ 11

*New Classic Home Furnishings, Inc. v. Haining Nice Link Home
   Furnishings Co.*,
   No. 12-cv-0125 JVS-OPx, 2012 U.S. Dist. LEXIS 200664
   (C.D. Cal. June 4, 2012) ............................................................... 18, 21

*Newport Inv. Grp., LLC v. Cliett*,
   No. 18-cv-01597-JVS-DFMx, 2019 U.S. Dist. LEXIS 35272 (C.D.
   Cal. Mar. 5, 2019)........................................................................... 12

*Pebble Beach Co. v. Caddy*,
   453 F.3d 1151 (9th Cir. 2006)...................................................... 4, 5, 9

*Piper Aircraft Co. v. Reyno*,
   454 U.S. 235 (1981) ..................................................................... 20, 22

*Polak v. Perform Media, Inc.*,
   No. 2:19-cv-01675-R-PLA, 2019 U.S. Dist. LEXIS 209782
   (C.D. Cal. Aug. 5, 2019) ....................................................... 19, 20, 21, 23

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004)............................................................ 3, 4

*Sinochem Intern. Co. v. Malaysia Intern. Shipping Corp.*,
   549 U.S. 422 (2007) ..................................................................... 20, 21

*Stormhale, Inc. v. Baidu. com, Inc*,
   675 F. Supp. 2d 373 (S.D.N.Y. 2009) ................................................ 14

*Trust Pay v. Diet*,
   No. 16-cv-07905 SJO, 2017 U.S. Dist. LEXIS 228501
   (C.D. Cal. Jan. 30, 2017).................................................................... 5

*Velasco v. Americanos USA, LLC*,
   No. 13-cv-05251-VAP, 2014 U.S. Dist. LEXIS 4775
   (C.D. Cal. Jan. 10, 2014) .................................................................. 21

v

*Walden v. Fiore*,
   571 U.S. 277 (2014) ........................................................................... 3, 5

*Wash. Shoe Co. v. A-Z Sporting Goods Inc.*,
   704 F.3d 668 (9th Cir. 2012) ................................................................ 11

*Werner v. Dowlatsingh*,
   No. 2:18-cv-03560-CAS-FFMx, 2018 U.S. Dist. LEXIS 163441
   (C.D. Cal. Sept. 17, 2018) ................................................................ 4, 15

*Williams v. Yamaha Motor Co.*,
   851 F.3d 1015 (9th Cir. 2017) .............................................................. 13

*Wiwa v. Royal Dutch Petroleum Co.*,
   226 F. 3d 88 (2d Cir. 2000) ................................................................. 14

**FEDERAL STATUTES**

17 U.S.C. § 501 ..................................................................................... 22

28 U.S.C. § 1400(a) ................................................................................ 2

**FEDERAL RULES**

Fed. R. Civ. P. 12(b) ..................................................................... passim

Rule 4(k)(2) ................................................................................... passim

**MISCELLANEOUS**

Centers for Disease Control, *Geographic Risk Assessment for COVID-
   19 Transmission*, https://www.cdc.gov/coronavirus/2019-
   ncov/travelers/map-and-travel-notices.html ...................................... 18

U.S. Dep't of State, *China Judicial Assistance*,
   https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-
   Country-Information/China.html ...................................................... 17

U.S. Dep't of State, *COVID-19 Information: China*,
   https://china.usembassy-china.org.cn/covid-19-information ............... 18

## I.    INTRODUCTION

Plaintiff seeks to litigate this copyright infringement case in the United States against NetEase, Inc. ("NetEase").  NetEase is a holding company that has no offices, employees, or business operations in the United States, and no connection to this forum.  NetEase does not own, direct, or operate 163.com, the website accused of infringement.  As a matter of law, the Court lacks personal jurisdiction over NetEase, and the complaint should be dismissed.  Dismissal is consistent with well-established precedent and principles of personal jurisdiction.

Nor is this the proper forum to hear the parties' dispute.  Plaintiff is a resident of Germany and lacks any connection to California or the United States.  NetEase is a Cayman Islands corporation with no offices, employees, or operations in the United States.  Any alleged harm occurred, the witnesses reside, and the evidence relevant to this dispute exists, outside of the forum.  There are significant, if not insurmountable, challenges to litigate this case in the United States, especially as an adequate alternative forum exists in China.  Accordingly, the complaint should be dismissed on *forum non conveniens* grounds.

Finally, the complaint should be dismissed because it fails to state a claim upon which relief can be granted.  The complaint fails to allege that NetEase itself infringed any copyrights.

## II.    BACKGROUND

NetEase is a company incorporated in the Cayman Islands.  Its principal executive offices are located in Beijing, and all of its employees are located in China.  *See* Declaration of Yang Liu ("Liu Decl.") ¶¶ 4-6.  NetEase does not have any employees in the United States, and it does not own or lease property in the United States.  *See id*. ¶ 8.  NetEase is not registered to do business in any U.S. state.  *See id*.  NetEase does not provide any services or products in or directed to the United States.  *See id*.

1    In this complaint, Plaintiff accuses NetEase of having infringed its copyrights

2    in three photographs allegedly posted on the website 163.com.  NetEase does not

3    own, maintain, or operate 163.com, and it does not contribute to any content posted

4    on the site.  *See id.* ¶ 9.  The first NetEase learned of Plaintiff and Plaintiff's

5    allegedly infringed images was when it received the complaint.  *See id.* ¶ 11.

6    **III.    ARGUMENT**

7        **A.    The Court Lacks Personal Jurisdiction**

8        The complaint should be dismissed because the Court lacks personal

9    jurisdiction over this dispute.  *See* Fed. R. Civ. P. 12(b)(2).  The complaint does not

10   allege general jurisdiction and, indeed, Plaintiff concedes the lack of it; the Court

11   has no basis to exercise specific jurisdiction; and there is no basis for jurisdiction

12   under Rule 4(k)(2).[1]

13       **1.    Legal Standard**

14       Personal jurisdiction is proper if it is permitted by a long-arm statute and if

15   the exercise of that jurisdiction does not violate federal due process.  *Fireman's*

16   *Fund Ins. Co. v. Nat. Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996).  Due

17   process requires that defendant have such "minimum contacts" with a forum that

18   jurisdiction would not "offend traditional notions of fair play and substantial

19   justice."  *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (quotation omitted).

20

21   [1] In addition, venue in this District is improper under 28 U.S.C. § 1400(a) and the
22   complaint should be dismissed under Rule 12(b)(3) for the reasons set forth in this
     memorandum.  A court in this District previously ruled that venue was improper
23   over NetEase in a copyright infringement action brought by a photographer.  *See*
24   *Michael Grecco Prods., Inc. v. NetEase Info. Tech. Corp.*, No. 2:18-cv-03119-DSF-
     RAO, 2018 U.S. Dist. LEXIS 224045 (C.D. Cal. Sept. 24, 2018).  In a subsequent
25   copyright infringement action by the same plaintiff, a court in the Northern District
     of California ruled that jurisdiction over NetEase arose under Rule 4(k)(2).  The
26   court reached its decision in a two-page opinion that accepted as true plaintiff's
     allegations, without the benefit of a declaration from NetEase concerning the
27   jurisdictional allegations in the complaint.  *See Michael Grecco Prods., Inc. v.*
     *NetEase, Inc.*, No. 3:19-cv-01852-VC, 2019 U.S. Dist. LEXIS 111730 (N.D. Cal.
28   July 3, 2019).

2

The plaintiff bears the burden to establish the court's personal jurisdiction over a defendant.  *See Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).  On a Rule 12(b)(2) motion to dismiss, "the plaintiff cannot simply rest on the bare allegations of its complaint." *Heidelberg USA, Inc. v. PM Lithographers, Inc.*, No. 17-cv-02223-AB-AJWx, 2017 U.S. Dist. LEXIS 218428, at *17 (C.D. Cal. Oct. 19, 2017) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)).  The Court may consider evidence presented in affidavits to assist it in its determination.  *See Unocal Corp.*, 248 F.3d at 922.

## 2.   The Court Lacks General Personal Jurisdiction

The complaint does not allege the existence of general personal jurisdiction. Indeed, Plaintiff concedes that the Court lacks general jurisdiction over NetEase. *See* Compl. ¶ 3 (NetEase "appears to not be subject to jurisdiction in any state's courts of general jurisdiction").  No general jurisdiction exists.

## 3.   The Court Lacks Specific Personal Jurisdiction and Jurisdiction under Rule 4(k)(2)

While the complaint is not a model of clarity, it appears to allege that the Court has specific personal jurisdiction because "a substantial part of the acts and omissions giving rise to the claims occurred" in this District and, moreover, that jurisdiction arises under Rule 4(k)(2).  *Id.* ¶ 3.

Where a defendant does not have certain minimum claim-related contacts with the relevant forum, a court may not constitutionally exercise specific personal jurisdiction over the defendant and the complaint must be dismissed pursuant to Rule 12(b)(2).  *See Walden v. Fiore*, 571 U.S. 277, 283-84 (2014); *Heidelberg USA, Inc.*, 2017 U.S. Dist. LEXIS 218428, at *18-19 (dismissing claim against foreign entity for lack of personal jurisdiction).  In cases like this, the Ninth Circuit uses a three-prong test to determine if sufficient minimum contacts warrant a court's exercise of specific personal jurisdiction:

1.   The non-resident defendant must purposefully direct its activities or
consummate some transaction with the forum or resident thereof;

2.   The claim must be one which arises out of or relates to the defendant's
forum-related activities; and

3.   The exercise of jurisdiction must comport with fair play and substantial
justice, *i.e.*, it must be reasonable.

*Schwarzenegger*, 374 F.3d 797, 802 (9th Cir. 2004) (quoting *Lake v. Lake*, 817 F.2d
1416, 1421 (9th Cir. 1987)).

Moreover, for personal jurisdiction to arise under Rule 4(k)(2), a plaintiff
must prove: (1) the claim arises under federal law; (2) the defendant must not be
subject to the personal jurisdiction of any state court of general jurisdiction; and (3)
the federal court's exercise of personal jurisdiction must comport with due process.
*See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2006).  With respect
to the third element – due process – the analysis under Rule 4(k)(2) is "nearly
identical to traditional [specific] personal jurisdiction analysis with one significant
difference:  rather than considering contacts between [the defendant] and the forum
state, we consider contacts with the nation as a whole."  *Holland Am. Line Inc. v.
Wärtsilä N. Am.*, 485 F.3d 450, 462 (9th Cir. 2007).

The "bar is relatively high when assessing a defendant's contacts with the
nation as a whole under Rule 4(k)(2)."  *Fumoto Giken Co. v. Mistuoka*, No. 14-cv-
9797-DMG-MRWx, 2015 U.S. Dist. LEXIS 187112, at *12 (C.D. Cal. Apr. 16,
2015).  A court may not constitutionally exercise jurisdiction over a defendant
pursuant to Rule 4(k)(2) where the defendant's claim-related contacts with the
United States are not "meaningfully different" than its contacts with the forum
state.  *See Werner v. Dowlatsingh*, No. 2:18-cv-03560-CAS-FFMx, 2018 U.S. Dist.
LEXIS 163441, at *22 (C.D. Cal. Sept. 17, 2018) (citing *EcoDisc Tech. AG v. DVD
Format/Logo Licensing Corp.*, 711 F. Supp. 2d 1074, 1087 (C.D. Cal. 2010)).

4

Here, the complaint fails to establish that exercising jurisdiction – either specific personal jurisdiction or jurisdiction under Rule 4(k)(2) – would comport with due process.  NetEase does not purposefully direct activities to California or the United States, the alleged copyright infringement does not arise from or relate to forum-related activities by NetEase, and exercising jurisdiction over NetEase would be unreasonable.  Accordingly, the complaint should be dismissed under Rule 12(b)(2).

> ### a.   Due Process Prong 1:  NetEase Did Not Purposefully Direct Activities to California or the United States

In cases alleging copyright infringement, courts apply a "purposeful direction analysis" based on the *Calder v. Jones* "effects test." *Trust Pay v. Diet*, No. 16-cv-07905 SJO, 2017 U.S. Dist. LEXIS 228501, at *14-15 (C.D. Cal. Jan. 30, 2017) (citing *Calder v. Jones*, 465 U.S. 783 (1984)).  Under the *Calder* effects test, "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden*, 571 U.S. at 290.  "[I]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum State." *Id.* at 291.  For plaintiff to satisfy this test, the defendant "must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Pebble Beach*, 453 F.3d at 1156, 1157 (quotation omitted).  Plaintiff has not satisfied any of the prongs of the *Calder* effects test.

> ### i.   NetEase Committed No Intentional Act

NetEase committed no intentional act.  Plaintiff's claims relate to images allegedly posted on 163.com.[2]  Compl. ¶¶ 13-14, 20, 24, 28, 38-39, 41.  NetEase

---

[2] The complaint broadly refers to three websites – 163.com, netease.com, and lofter.com – as the "NETEASE WEBSITES" (Compl. ¶ 7), but only purports to show screenshots of 163.com in its infringement allegations (*see id.* ¶¶ 20, 24, 28).  The complaint contains no specific, non-conclusory allegations of

5

does not maintain, own, or operate, 163.com.  *See* Liu Decl. ¶ 9.  Nor does NetEase

oversee the daily operations of 163.com or direct or contribute to the content posted

on 163.com, including the alleged posting or display of Plaintiff's images.  *See id.*

¶¶ 9, 11.  NetEase was unaware of the Plaintiff's images until the filing of the

complaint in this action.  *See id.* ¶ 11.  As such, NetEase committed no act of

infringement – much less an intentional one – under either a theory of direct or

secondary liability for copyright infringement.

Plaintiff apparently is aware of these factual defects in its pleadings.  *See*

Compl. ¶ 38 ("Plaintiff is informed that Defendant NETEASE claims that the

NETEASE WEBSITES are not owned by, registered to, or administered by

NETEASE . . . .").  To circumvent the deficiency, Plaintiff attempts to connect

NetEase with the alleged conduct of non-party entities.  These allegations are not

sufficient.

First, the allegations as to non-party Guangzhou NetEase Computer System

Co., Ltd. ("Guangzhou") do not establish that NetEase committed an intentional

act.  Plaintiff alleges that Guangzhou, a Chinese company located in Guangdong,

China, is "either a subsidiary or affiliate" of NetEase and is "used by NETEASE as

a data center, for web hosting and for transit of information and content for"

163.com.  *Id.* ¶¶ 38-39.  The allegation is false:  NetEase does not "use" Guangzhou

"as a data center, for web hosting and for transit of information and content for"

163.com.  Liu Decl. ¶ 19.  Moreover, any actions allegedly taken by Guangzhou, a

purported subsidiary, cannot be imputed to NetEase absent fact-supported

allegations of either an agency or alter-ego relationship.  *See Unocal Corp.*, 248

F.3d at 925 ("The existence of a relationship between a parent company and its

---

infringement on netease.com or lofter.com, and accordingly this motion addresses
the allegations with respect to 163.com.  If Plaintiff were to allege infringement on
netease.com and lofter.com, NetEase's arguments as to 163.com apply equally to
those two sites and are supported by the accompanying declaration.  *See* Liu Decl.
¶¶ 9, 18, 19.

1   subsidiaries is not sufficient to establish personal jurisdiction over the parent on the

2   basis of the subsidiaries' minimum contacts with the forum."); *Branca v. Ocwen*

3   *Loan Servicing, LLC*, No. 13-cv-7502-BRO-Ex, 2013 U.S. Dist. LEXIS 201815, at

4   *11-12 (C.D. Cal. Dec. 27, 2013) (same); *Heidelberg USA, Inc.*, 2017 U.S. Dist.

5   LEXIS 218428, at *21-22 (refusing to impute subsidiary's contacts to foreign

6   parent company for jurisdictional analysis and dismissing case against Defendant

7   for lack of personal jurisdiction).  The complaint does not allege facts to support

8   any such agency or alter-ego relationship.  Vague, unsubstantiated, and conclusory

9   allegations of such a relationship, if they can even be read to cover Guangzhou (*see*

10  Compl. ¶ 12), are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

11      Second, the allegations as to non-party NetEase Information Technology

12  Corporation ("NetEase IT") do not show that NetEase committed an intentional act.

13  According to Plaintiff, "NETEASE is the parent of its wholly owned subsidiary

14  Netease Information Technology Corporation ('NETEASE IT'), a California

15  corporation . . . ."  *Id.* ¶ 8.  Plaintiff claims that NetEase IT "provides 'market

16  research and information collection'" for NetEase, "which includes finding and

17  providing content to NETEASE, and is believed to have worked with NETEASE

18  with regard to the infringements at issue in this action."  *Id.*  Plaintiff alleges that

19  NetEase "accessed" the accused images "with the assistance of its California

20  subsidiary NETEASE IT via an online search-and-copy campaign . . . ."  *Id.* ¶ 15.

21      The allegations as to the entities and their relationship are false.  NetEase IT

22  is not a direct subsidiary wholly-owned by NetEase.  *See* Liu Decl. ¶ 14.  NetEase

23  IT is 100% owned by NetEase (Hong Kong) Limited, a corporation established

24  under the laws of Hong Kong.  *See id.*  NetEase owns 100% of the shares of

25  NetEase (Hong Kong) Limited.  *See id.*  Moreover, the alleged conduct of NetEase

26  IT cannot be imputed to NetEase.  *See Unocal Corp.*, 248 F.3d at 925; *Branca*,

27  2013 U.S. Dist. LEXIS 201815, at *11-12; *Heidelberg USA, Inc.*, 2017 U.S. Dist.

28  LEXIS 218428, at *21-22; *see also Best v. AT&T Inc.*, No. 1:12-cv-564, 2014 U.S.

1  Dist. LEXIS 142776, at *25 (S.D. Ohio Sept. 16, 2014) (dismissing case for lack of

2  personal jurisdiction because, absent evidence of an alter-ego relationship, a

3  subsidiary's contacts cannot be attributed to a parent company).

4          The allegations regarding the alleged acts are false as well.  NetEase IT does

5  not provide market research or information collection for NetEase.  *See* Liu Decl.

6  ¶ 16.  NetEase IT does not work with NetEase, Inc. to upload media to 163.com.

7  *See id.* ¶ 15.  NetEase never accessed the accused images.  *See id.* ¶ 11.  Neither

8  NetEase nor NetEase IT ever engaged in a so-called "search-and-copy" campaign,

9  including finding or providing content to NetEase.  *See id.* ¶ 16.

10         Third, the allegations as to non-party Quantil Networks ("Quantil") do not

11 establish that NetEase committed an intentional act.  The complaint alleges that

12 "[t]he images on http://163.com, including the infringing images at issue in this

13 case, are made available to United States viewers, including in this judicial district,

14 through servers in the United States pursuant to an agreement between NETEASE

15 and California-based Quantil's delivery network ([www.quantil.com](http://www.quantil.com))."  Compl.

16 ¶ 10; *see also* Compl. ¶¶ 16, 41-43 (allegations regarding NetEase and Quantil).

17 The allegations in the complaint about Quantil are false.  NetEase has never

18 contracted with Quantil to serve U.S. users with access to 163.com.  *See* Liu Decl.

19 ¶ 12.  Regardless, allegedly entering into a contract with a company that maintained

20 a U.S. server is not an intentional act under the *Calder* effects test.  For all these

21 reasons, NetEase has not committed an "intentional act" warranting an exercise of

22 personal jurisdiction.

23              **ii.      NetEase Did Not Expressly Aim Any Act at**

24                        **California or the United States**

25         Because NetEase has not taken any intentional actions, it follows that no acts

26 were expressly aimed at California or the United States.  Regardless, the complaint

27 does not satisfy the express aiming prong.

28

MEMORANDUM OF LAW IN SUPPORT OF NETEASE, INC.'S MOTION TO DISMISS
CASE NO. 2:20-cv-02044 AB(PJWx)

163.com is a Chinese-language website, not owed or operated by NetEase (*see* Liu Decl. ¶ 9), that happens to be accessible in the United States. "We consistently have held that a mere web presence is insufficient to establish personal jurisdiction." *Holland Am. Line Inc.*, 485 F.3d at 460). Where, as here, a case concerns a passive website, "something more" is needed to constitute "express aiming." *Pebble Beach*, 453 F.3d at 1157-58 (rejecting contention that a passive website constitutes express aiming). No aspect of the maintenance of 163.com – a passive website which, again, is not operated by NetEase (*see* Liu Decl. ¶ 9) – can be considered "something more." Specifically, "ownership of a .com domain, the posting of a passive website on that domain, and the use of . . . allegedly infringing [intellectual property] on that passive website, d[oes] not amount to the 'something more' required to show purposeful direction towards the U.S." *See Fumoto Giken Co.*, 2015 U.S. Dist. LEXIS 187112, at *12 (holding the Court may not exercise either specific personal jurisdiction or Rule 4(k)(2) jurisdiction over a foreign entity despite maintenance of a website available in the U.S.); *see also Bragg Live Foods, Inc. v. Eco Action SDN BHD*, No. 15-cv-8261-DSF-JPRx, 2016 U.S. Dist. LEXIS 186410, at *8 (C.D. Cal. Apr. 29, 2016) (rejecting jurisdiction over foreign defendant under Rule 4(k)(2) and holding there was no purposeful direction despite Plaintiff's allegations of "use of U.S.-based Internet hosting services, maintenance of a '.com' web address, [] acceptance of U.S. dollars . . . . [and] alleged affiliation with a bank licensed in New York").

The allegation that "NETEASE generates substantial revenues from viewership [sic] http://163.com and http://netease.com and by residents of the United States – indeed, in the past 3 months of September to November 2019 alone there were approximately 1.82 million visits to http://163.com from computers in the United States" (Compl. ¶ 9) does not establish express aiming at the United States. The allegation of "substantial revenues from viewership" and "by residents of the United States" is conclusory and false. *See* Liu Decl. ¶ 10. The alleged 1.82

9

million number of U.S. visitors to 163.com – even if it were true, which is suspect – is not sufficient to establish express aiming as a matter of law.  *See Michael Grecco Prods., Inc. v. NetEase Info. Tech. Corp.*, No. 2:18-cv-03119-DSF-RAO, 2018 U.S. Dist. LEXIS 224045, at *10-11 (C.D. Cal. Sept. 24, 2018) (dismissing complaint against NetEase on grounds of improper venue) ("[T]he statement that there were 10.5 million visits from the United States to one of NetEase's websites[] is . . . not sufficient to demonstrate [NetEase, Inc.] actually or constructively knew about its user base in the Central District.").

Likewise, the alleged publication of SEC filings and investor presentations on a passive website accessible to the rest of the world (*see* Compl. ¶ 7) is not sufficient to establish express aiming to California or the United States.  *See Brunswick Rail Mgmt. v. Sultanov*, No. 5:17-cv-00017, 2017 U.S. Dist. LEXIS 86882, at *11-12 (N.D. Cal. June 6, 2017) (rejecting contention that filing with the SEC subjects a defendant to personal jurisdiction under Rule 4(k)(2) absent a claim related to the SEC filings).  The allegations with respect to that publication (an SEC Form 6-K filing and a Q1 2018 investor presentation) discuss NetEase's and 163.com's presence in *China*, not the United States (*see* Compl. ¶ 7) – hardly evidence of express aiming to California or the United States.

The allegations as to non-parties that supposedly have a connection with NetEase do not establish that NetEase expressly aimed its conduct at California or the United States.  There are no allegations of an agency or alter-ego relationship, and the activities of these non-parties cannot be imputed to NetEase.  *See* Part III(A)(3)(a)(i) *supra*.

With respect to non-party Quantil, as set forth above, the allegation that the allegedly infringing images are made available to U.S. users based on an agreement between NetEase and California-based Quantil's delivery network (*see* Compl. ¶¶ 10, 16, 41-43) is false.  *See* Part III(A)(3)(a)(i) *supra*.  NetEase has no prior or current agreements with Quantil to transmit 163.com data, including images, to the

10

United States.  Liu Decl. ¶ 12.  And, as a court in this District previously has held, the purported existence of a contract with an entity that maintained a server in the forum (even if true, which it is not here) is not sufficient to show that NetEase expressly aimed its conduct at that forum.  *See Michael Grecco Prods.*, 2018 U.S. Dist. LEXIS 224045, at *10-11.

The allegations with respect to non-party NetEase IT do not establish any express aiming directed to California or the United States.  These allegations are false, as set forth above.  *See* Part III(A)(3)(a)(i) *supra*.  Even if they were accepted as true, a court previously found that the alleged "market research and information collection" by NetEase IT for NetEase, "which includes finding and providing content" to NetEase, is not sufficient to show that NetEase IT purposefully directed its activities to the forum.  *See Michael Grecco Prods., Inc. v. NetEase Info. Tech. Corp.*, No. 2:18-cv-03119-DSF-RAO, 2018 U.S. Dist. LEXIS 227226, at *2 (C.D. Cal. Aug. 28, 2018) (finding that NetEase IT did not expressly aim its conduct at the forum and dismissing complaint against NetEase IT on grounds of improper venue).  An allegation of express aiming by NetEase is even more attenuated. Simply put, the complaint fails to plead that NetEase has expressly aimed any intentional act at California or the United States.

### iii.   NetEase Caused No Foreseeable Harm within California or the United States

Plaintiff does not reside in the forum.  Accordingly, even if NetEase could have foreseen harm to Plaintiff – and there is no allegation that it reasonably could have – there is simply no basis to claim foreseeable harm in California or the United States.  *See Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 679 (9th Cir. 2012) (copyright infringement harm is felt where a plaintiff resides and where the infringement occurred).  This factor does not support an exercise of Rule 4(k)(2) jurisdiction.

**b.      Due Process Prong 2:  Plaintiff's Claim Does Not Arise from NetEase's Contacts with the Forum**

A lawsuit arises out of a defendant's contacts with a forum state if there is a direct nexus between the claims asserted and the defendant's activities in the forum. *See Newport Inv. Grp., LLC v. Cliett*, No. 18-cv-01597-JVS, 2019 U.S. Dist. LEXIS 35272, at *12 (C.D. Cal. Mar. 5, 2019).  To evaluate this prong, the Ninth Circuit asks if the plaintiff would have been injured "but for" a defendant's contacts with the forum.  *Id*.  As under the traditional specific personal jurisdiction analysis, the analysis under Rule 4(k)(2) concerns *claim-related* contacts.  *See Holland Am. Line*, 485 F.3d at 462 (explaining that the only difference between specific personal jurisdiction analysis and jurisdictional analysis under Rule 4(k)(2) is that the forum at issue is the United States as a whole).  Contacts with a forum must be "claim-related" for jurisdictional purposes – meaning that "but-for" the contact with the forum, Plaintiff would not have suffered the alleged harm.  *See Newport Inv. Grp., LLC*, at *12.

The only claims alleged against NetEase are copyright claims.  *See* Compl. ¶¶ 35-36, 46-47, 53-54.  The complaint alleges no copyright-related contacts with California or the United States sufficient for the Court to exercise personal jurisdiction.

**i.      NetEase's Alleged Contacts with California Are Not Claim-Related**

The only alleged contacts with California are (1) NetEase's purported ownership of and activities with a California-based subsidiary, NetEase IT; and (2) NetEase's purported entry into a contract with Quantil, a California-based company, to transmit 163.com content through U.S. servers.  *See id.* ¶¶ 8, 10.  The allegations are false, and neither allegation is a claim-related contact sufficient to give rise to personal jurisdiction in California.

1    NetEase IT is a market research company focused on the video game market,

2    and it has no relation with 163.com or the images allegedly posted on 163.com.  *See*

3    Liu Decl. ¶ 14.  As noted above, the allegations as to NetEase IT, including that

4    NetEase "accessed" the images with the assistance of NetEase IT and that the

5    companies together engaged in a "search-and-copy" campaign, are false.  *See* Part

6    III(A)(3)(a)(i) *supra*.  Moreover, the allegation that NetEase owns this California-

7    based subsidiary is irrelevant to a jurisdictional analysis, and there are no fact-

8    supported allegations of an alter-ego or agency relationship between NetEase and

9    NetEase IT.  *See Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1021 (9th Cir.

10   2017) (citing *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015)); *Heidelberg*

11   *USA, Inc.*, 2017 U.S. Dist. LEXIS 218428, at *21-22 (dismissing case against

12   foreign parent company for lack of personal jurisdiction and refusing to impute

13   subsidiary's contacts to parent for jurisdictional analysis); *Barantsevich v. VTB*

14   *Bank*, 954 F. Supp. 2d 972, 983 (C.D. Cal. 2013) (mere existence of a relationship

15   between a parent company and its subsidiaries is not a sufficient basis to exercise

16   personal jurisdiction).  In short, this contact is not claim-related nor may it be

17   imputed to NetEase.

18        Similarly, NetEase has never entered into any agreement or other relationship

19   with Quantil.  *See* Liu Decl. ¶ 12.  There are no claim-related contacts to the forum.

20                    **ii.    NetEase's Alleged Contacts with the United**

21                           **States Are Not Claim-Related**

22        The Complaint alleges that NetEase has the following contacts with the

23   United States:  (1) NetEase is registered to do business in Delaware (*see* Compl.

24   ¶ 5); (2) NetEase is listed on the NASDAQ Global Select Market in New York (*see*

25   *id.* ¶¶ 6-7, 16); (3) NetEase maintains an investor relations "contact" in New York

26   (*see id.* ¶¶ 6-7, 16); and (4) NetEase generates substantial revenue from U.S.

27   residents and U.S. users access 163.com (*see id.* ¶ 9).  These alleged contacts with

28

13

1    the United States are either false or entirely unrelated to Plaintiff's copyright
2    claims.

3         NetEase has never registered to do business in Delaware under any name.
4    *See* Liu Decl. ¶ 8.  In September 1999, NetEase.com (U.S.) Inc., a subsidiary of
5    NetEase, registered to do business in the State of Delaware.  *See id.* ¶ 13.  This
6    entity was dissolved in 2005.  *See id.* ¶ 13, Ex. A.  The subsidiary was dissolved
7    fifteen years ago, and the mere fact of a business registration is not claim-related.
8    Regardless, a subsidiary's contacts with a forum cannot be imputed to a parent
9    company absent allegations of an alter-ego or agency relationship, of which there
10   are none.  *See Heidelberg USA, Inc.*, 2017 U.S. Dist. LEXIS 218428, at *21-22.

11        That NetEase is publicly traded on the NASDAQ stock exchange and
12   regularly files legally-mandated reports with the SEC has no connection to
13   Plaintiff's copyright claims.  A listing on a stock exchange does not subject a
14   defendant to a forum's jurisdiction where such contact is wholly unrelated to the
15   claims at issue.  *See Wiwa v. Royal Dutch Petroleum Co.*, 226 F. 3d 88, 97 (2d Cir.
16   2000) (companies may "list their securities on New York-based stock exchanges
17   and . . . take the steps necessary to facilitate those listings (such as making SEC
18   filings and designating a depository for their shares) without thereby subjecting
19   themselves to [the forum's] jurisdiction for unrelated occurrences."); *see also*
20   *Stormhale, Inc. v. Baidu.com, Inc.*, 675 F. Supp. 2d 373, 375-76 (S.D.N.Y. 2009)
21   (declining to exercise personal jurisdiction because Defendant's "mere listing on
22   NASDAQ and ancillary contacts with New York related to that listing do not allow
23   the Court to exercise personal jurisdiction over Baidu in a copyright action").

24        NetEase does not maintain investor relations employees or offices in the
25   United States; rather, it contracts with The Piacente Group, an unaffiliated third
26   party based in New York, for the provision of investor relations services for
27   NetEase, such as reviewing press releases and other public disclosures.  *See* Liu
28   Decl. ¶ 20.  This "contact" is unrelated to Plaintiff's copyright claims and thus

14

1   cannot constitute a claim-related contact sufficient for jurisdiction.  Moreover, this

2   contact with a third party is, at best, "scant, fleeting, and attenuated" and thus

3   insufficient for jurisdictional purposes.  *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,

4   874 F.3d 1064, 1072 (9th Cir. 2017).

5          The unfounded and unsupported allegation that NetEase generates

6   "substantial revenues" from "viewership" and by "residents of the United States,"

7   and that there were 1.82 million visits from computers in the U.S., (*see* Compl. ¶ 9)

8   has no bearing on whether NetEase has claim-related contacts.  The allegation as to

9   "substantial revenues" is false (*see* Liu Decl. ¶ 10), and there is no allegation as to

10  the revenue or visits from the United States to the allegedly infringed content (*see*

11  Compl. ¶ 9).  As repeatedly noted, NetEase does not own or operate 163.com (*see*

12  Liu Decl. ¶ 9), and the alleged contacts of NetEase's purported subsidiaries cannot

13  be imputed to NetEase.  *See Heidelberg USA, Inc.*, 2017 U.S. Dist. LEXIS 218428,

14  at *21-22.  And the mere fact that the website is viewed by U.S. users does not

15  warrant an exercise of personal jurisdiction under Rule 4(k)(2).  *See Fumoto Giken*

16  *Co.*, 2015 U.S. Dist. LEXIS 187112, at *12 ("application of Rule 4(k)(2) does not

17  change the Court's prior assessment that the use of the [website used to sell

18  infringing products in the United States] and the use of the allegedly infringing

19  mark on the website does not provide a basis for personal jurisdiction").  The Court

20  may not exercise jurisdiction based on false and unsubstantiated allegations of

21  aggregate revenue and views of a website NetEase does not own, maintain, or

22  otherwise operate.

23         In sum, the complaint does not allege that NetEase has sufficient claim-

24  related contacts with the United States.  The allegations are not sufficient,

25  individually or in the aggregate, and the complaint must be dismissed.  *See Werner*,

26  2018 U.S. Dist. LEXIS 163441, at *22 (citing *EcoDisc Technology AG*, 711 F.

27  Supp. 2d at 1087).

28

1

                    **c.**       **Due Process Prong 3:  Exercising Personal**

2

                            **Jurisdiction over NetEase Would Be Unreasonable**

3

      The exercise of jurisdiction over NetEase would be unreasonable.  In

4

evaluating this prong, the Ninth Circuit employs a seven-factor test:  "(1) the extent

5

of the defendants' purposeful injection into the forum state's affairs; (2) the burden

6

on the defendant of defending in the forum; (3) the extent of the conflict with the

7

sovereignty of the defendant's state; (4) the forum state's interest in adjudicating

8

the dispute; (5) the most efficient judicial resolution of the controversy; (6) the

9

importance of the forum to the plaintiff's interest in convenient and effective relief;

10

and (7) the existence of an alternative forum."  *CollegeSource, Inc. v. AcademyOne,*

11

*Inc.*, 653 F. 3d 1066, 1079 (9th Cir. 2011) (internal quotation omitted).  Each of

12

these factors indicates that exercising personal jurisdiction over NetEase would be

13

unreasonable.

14

                  **i.**       **Reasonableness Factor 1:  NetEase Did Not**

15

                        **Purposefully Inject Itself into the Forum**

16

      NetEase has not "injected" itself into California or the United States.

17

NetEase does not or provide or offer any services or products in the United States;

18

does not have any employees in the United States; does not own or lease any

19

property in the United States; and is not, and never has been, registered to do

20

business in the State of Delaware, or in any other state in the United States.  *See* Liu

21

Decl. ¶ 8.  Moreover, the complaint makes numerous false and unsubstantiated

22

allegations as to NetEase's connection with the forum, and any actual contacts with

23

these forums are insignificant and attenuated.  *See* Part III(A)(3)(b) *supra*.  And the

24

contacts of purported NetEase subsidiaries, which cannot be imputed to NetEase,

25

do not indicate purposeful injection into the forum.  *See Callaway Golf Corp. v.*

26

*Royal Canadian Golf Ass'n*, 125 F. Supp. 2d 1194, 1205 (C.D. Cal. 2000) (holding

27

that maintenance of a website accessible in the United States does not constitute

28

MEMORANDUM OF LAW IN SUPPORT OF NETEASE, INC.'S MOTION TO DISMISS
CASE NO. 2:20-cv-02044 AB(PJWx)

1  purposeful injection into the forum where evidence does not suggest the forum's

2  users were targeted).

3      ii.     **Reasonableness Factors 2 & 5:  Litigating in the**

4              **Forum Would Be Burdensome and Inefficient**

5          It would be burdensome and inefficient to hear this dispute in California or in

6  the United States.  Both Plaintiff and NetEase reside outside of the United States.

7  *See* Compl. ¶ 4; Liu Decl. ¶ 5.  Discovery concerning the validity and ownership of

8  Plaintiff's purported copyrights, and concerning the alleged infringement of the

9  asserted works, would be required outside of the forum, which presents significant

10  challenges.  Taking fact discovery of NetEase, including document and deposition

11  discovery, may be impossible because of legal restrictions in the People's Republic

12  of China.  According to the U.S. State Department:

13          China does **not** permit attorneys to take depositions in

14          China for use in foreign courts.  Under its Declarations

15          and Reservations to the Hague Evidence Convention and

16          subsequent diplomatic communications, China has

17          indicated that taking depositions, whether voluntary or

18          compelled, and obtaining other evidence in China for use

19          in foreign courts may, as a general matter, only be

20          accomplished through requests to its Central Authority

21          under the Hague Evidence Convention. . . .  Participation

22          in such activity could result in the arrest, detention or

23          deportation of the American attorneys and other

24          participants.

25  U.S. Dep't of State, *China Judicial Assistance*, https://travel.state.gov/content/

26  travel/en/legal/Judicial-Assistance-Country-Information/China.html.  "This policy

27  could greatly hinder or completely block the parties' efforts to depose witnesses or

28  gather other evidence in China . . . ." *Melaleuca, Inc. v. Kot Nam Shan*, No. 4:18-

1  cv-00036, 2018 U.S. Dist. LEXIS 71296, at *22-23, 27 (D. Idaho Apr. 24, 2018)

2  (dismissing case against Chinese defendant for *forum non conveniens*, due in part to

3  China's policy on taking depositions and obtaining other evidence under the Hague

4  Evidence Convention).  The complaint also makes numerous allegations as to

5  several China-based entities that are not parties to this litigation.  *See* Compl. ¶¶ 38-

6  40.  Third-party discovery of these entities will be equally difficult, if not

7  impossible.  *See New Classic Home Furnishings, Inc. v. Haining Nice Link Home*

8  *Furnishings Co.*, No. 12-cv-0125 JVS-OPx, 2012 U.S. Dist. LEXIS 200664, at *6

9  (C.D. Cal. June 4, 2012) (dismissing claim for *forum non conveniens* and noting "it

10  may be impossible for [China-based defendants] to present some of their defenses if

11  this action were to proceed in this Court because those witnesses are beyond the

12  Court's subpoena power").

13      If foreign discovery does proceed, the costs will be great, both in terms of

14  travel for depositions and trial, and for translation of documents.  The recent

15  quarantine restrictions and travel bans instituted in response to the ongoing global

16  COVID-19 pandemic will make travel, and any permitted cross-border discovery,

17  even more difficult, if not impossible.[3]  In all, litigating this case in California or in

18  the United States is both unduly burdensome and judicially inefficient.

19

20

21

22

---

23  [3] *See* U.S. Dep't of State, *COVID-19 Information: China*, https://china.usembassy-
24  china.org.cn/covid-19-information ("The Department of State has upgraded our
    Travel Advisory for China to Level 4:  Do Not Travel due to novel coronavirus";
25  "All travelers, including U.S. citizens who enter China will be screened upon
    arrival and be subject to a 14-day quarantine"); Centers for Disease Control &
26  Prevention, *Geographic Risk Assessment for COVID-19 Transmission*,
    https://www.cdc.gov/coronavirus/2019-ncov/travelers/map-and-travel-notices.html
27  ("CDC recommends that travelers avoid all nonessential travel to China"; "Most
28  foreign nationals who have been [in China] during the previous 14 days will not be
    allowed to enter the United States.").

18

1

### iii.    Reasonableness Factor 3:  Forcing NetEase to Litigate in California and the United States Would Conflict with China's Sovereignty

"Great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 115 (1987) (quotation omitted).  Moreover, "[w]here the defendant is a resident of a foreign nation rather than a resident of another state within our federal system, the sovereignty barrier is higher." *Callaway*, 125 F. Supp. 2d at 1206 (quotation omitted).  Because of NetEase's lack of connections to the United States, this factor suggests exercising personal jurisdiction would be unreasonable.

### iv.    Reasonableness Factor 4:  California and the United States Have No Interest in Adjudicating This Dispute

Because both parties are foreign residents, neither California nor the United States has an interest in adjudicating this dispute.  *See Polak v. Perform Media, Inc.*, No. 2:19-cv-01675-R-PLA, 2019 U.S. Dist. LEXIS 209782, at *8-9 (C.D. Cal. Aug. 5, 2019) (explaining that a forum has no interest in adjudicating a dispute between two foreign citizens).

### v.    Reasonableness Factors 6 & 7:  Plaintiff's Choice of Forum is Entitled to Little Weight

Plaintiff is a resident of Germany (*see* Compl. ¶ 4), and his choice of forum is entitled to little weight.

> When the home forum has been chosen, it is reasonable to assume that this choice is convenient.  When the plaintiff is foreign, however, the assumption is much less reasonable.

19

1    *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981); *see also Polak*, 2019 U.S.

2    Dist. LEXIS 209782, at *3 (dismissing case involving foreign parties).

3         NetEase is a Cayman Islands corporation with its principal executive offices

4    and all of its employees located in the People's Republic of China, and with no

5    offices, employees, or operations in the United States.  *See* Liu Decl. ¶¶ 4-6, 8.

6    Accordingly, both China and Germany have an interest in resolving this dispute.

7    *See Polak*, 2019 U.S. Dist. LEXIS 209782, at *8 (explaining a forum has an interest

8    in adjudicating disputes involving its residents).  China and Germany are adequate

9    alternative forums.  *See Sinochem Intern. Co. v. Malaysia Intern. Shipping Corp.*,

10   549 U.S. 422, 435-36 (2007) (finding China an adequate alternative forum); *Kleiner*

11   *v. Spinal Kinetics, Inc.*, No. 5:15-cv-02179-EJD, 2016 U.S. Dist. LEXIS 52492, at

12   *8 (N.D. Cal. Apr. 19, 2016) (dismissing case and noting "Germany constitutes an

13   adequate alternative forum").

14       **B.    The Complaint Should Be Dismissed for *Forum Non Conveniens***

15       A court may dismiss an action for *forum non conveniens* if:  (1) an adequate

16   alternative forum exists and (2) the balance of private and public interest factors

17   favors dismissal.  *See Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir.

18   2001) (affirming dismissal where plaintiff resided in New Zealand); *Polak*, 2019

19   U.S. Dist. LEXIS 209782, at *3 (dismissing where plaintiff resided in Argentina

20   and neither party had a connection to the forum).  The People's Republic of China,

21   where NetEase has its principal executive offices and where its employees are

22   located, provides an adequate alternative forum.  And while NetEase disputes any

23   liability as it does not own or operate 163.com, it would be amenable to service in a

24   case brought in China, under Chinese copyright law, alleging infringement of

25   Plaintiff's images.  Moreover, the balance of private and public factors counsels

26   against adding to the Court's already-crowded docket a dispute involving two

27   foreign parties, language differences, impediments to discovery, and significant

28

expenses – all in the midst of a disruptive and dangerous global pandemic.  The
Court should dismiss the complaint under the *forum non conveniens* doctrine.

### 1.    China Is an Adequate Alternative Forum

As noted above, the People's Republic of China provides an adequate
alternative forum to hear this dispute.  "Generally, an alternative forum is available
where the defendant is amenable to service of process and the forum provides some
remedy for the wrong at issue." *Polak*, 2019 U.S. Dist. LEXIS 209782, at *3-4
(quoting *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1178 (9th Cir.
2006)).  "A court may dismiss on *forum non conveniens* grounds even though the
foreign forum does not provide the same range of remedies," as long as the
alternative forum provides "some potential avenue for redress." *Creative Tech.,
Ltd. v. Aztech Sys. PTE*, 61 F.3d 696, 701-02 (9th Cir. 1995).  "This test is easy to
pass; typically, a forum will be inadequate only where the remedy provided is so
clearly inadequate or unsatisfactory, that it is no remedy at all." *Velasco v.
Americanos USA, LLC*, No. 13-cv-05251-VAP, 2014 U.S. Dist. LEXIS 4775, at *9
(C.D. Cal. Jan. 10, 2014) (dismissing case for *forum non conveniens*) (quoting
*Tuazon*, 433 F.3d at 1178).  The U.S. Supreme Court has explained that the
People's Republic of China is an adequate alternative forum for litigants to resolve
disputes.  *See Sinochem Intern. Co.*, 549 U.S. at 435-36 (dismissing "textbook case
for immediate *forum non conveniens* dismissal" where China was adequate
alternative forum); *New Classic Home Furnishings*, 2012 U.S. Dist. LEXIS
200664, at *8-9 (dismissing case brought by California corporation "[b]ecause
China is an adequate alternative forum and the balance of public and private interest
factors favor[ed] dismissal").

### 2.    The Balance of Private and Public Factors Warrants Dismissal

When the home forum has been chosen, it is reasonable to
assume that this choice is convenient.  When the plaintiff

21

1            is foreign, however, the assumption is much less

2            reasonable.  Because the central purpose of any *forum non*

3            *conveniens* inquiry is to ensure that the trial is convenient,

4            a foreign plaintiff's choice deserves less deference.

5    *Piper Aircraft Co.*, 454 U.S. at 255-56.  The choice by Plaintiff (a resident of

6    Germany) of California and the United States as a forum is afforded less deference.

7    *See* Compl. ¶ 4.

8                   **a.**      **The Balance of Private Interests Supports Dismissal**

9          The private interest factors include:  (1) the residence of the parties and the

10    witnesses; (2) the forum's convenience to the litigants; (3) access to physical

11    evidence and other sources of proof; (4) whether unwilling witnesses can be

12    compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability

13    of the judgment; and (7) all other practical problems that make trial of a case easy,

14    expeditious, and inexpensive.  *See Lueck*, 236 F.3d at 1145.  Here, the balance of

15    private interest factors warrants dismissal.

16          This dispute concerns only foreign parties.  Both parties reside outside of the

17    United States (*see* Compl. ¶ 4; Liu Decl. ¶¶ 5, 6), and they and their counsel would

18    be required to travel overseas, at significant expense, for depositions and trial.

19    Discovery on the validity, authorship, and ownership of the asserted copyrighted

20    works – an element of Plaintiff's infringement claims (*see* 17 U.S.C. § 501) –

21    would occur outside of the United States and be burdensome and costly.  The need

22    to translate documents subject to discovery into English will impose significant cost

23    burdens on both parties.  *See* Part III(A)(3)(c)(ii) *supra*.

24          Notably, there are significant legal impediments to taking discovery of

25    NetEase in China in this case.  The People's Republic of China has a policy to

26    prohibit the taking of depositions or other evidence for use in foreign courts absent

27    approval from its Central Authority under the Hague Evidence Convention.  *See id.*

28    Discovery of non-party entities located in China – which may be extensive given

the numerous allegations in the complaint as to non-parties – may be impossible for the same reasons.  *See id.*

Under normal circumstances, these hurdles to taking discovery and efficient case management would present a compelling case for dismissal for *forum non conveniens*.  The burdens are magnified by the serious disruptions – including travel bans and quarantine restrictions – arising from the global COVID-19 pandemic.  *See id.*  The present circumstances render the United States as a forum for this dispute extremely difficult, and also unnecessarily risky to the health and safety of the parties and their counsel.

### b.    The Balance of Public Factors Supports Dismissal

"Public interest factors include (1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on the people of a community that has no relation to the litigation; (3) local interest in having localized controversies decided at home; (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action; (5) the avoidance of unnecessary problems in conflicts of law."  *Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656, 664 (9th Cir. 2009) (internal quotation omitted).  Here, the public factors weigh in favor of dismissal.

As this Court has explained in a case involving two foreign parties:  "the Central District of California constantly has a busy docket," "litigating a case before a jury of a community that has no relation to the litigation, as is the case here, favors dismissal," and "there is no local interest in having the controversy resolved in the Central District" where the case involves a foreign citizen allegedly injured in a foreign country by a foreign defendant.  *Polak*, 2019 U.S. Dist. LEXIS 209782, at *7-8.  Conversely, the People's Republic of China and Germany have an interest in resolving this dispute concerning their residents.  *See id.* at *8 (explaining that a foreign country has an interest in resolving disputes involving its

MEMORANDUM OF LAW IN SUPPORT OF NETEASE, INC.'S MOTION TO DISMISS
CASE NO. 2:20-cv-02044 AB(PJWx)

1    citizens).  There is simply no public interest in resolving the dispute in California or

2    the United States.

3              C.        **The Complaint Fails to State a Claim under Rule 12(b)(6)**

4         The complaint fails to state a claim upon which relief can be granted, and it

5    should be dismissed.  *See* Fed. R. Civ. P. 12(b)(6).  Where the defendant is not the

6    party responsible for any conduct at issue, the plaintiff has not alleged a cognizable

7    claim, and the complaint should be dismissed.  *See Black v. Ritz-Carlton Hotel Co.,*

8    *LLC*, 977 F. Supp. 2d 996, 1011-13 (C.D. Cal. 2013) (dismissing complaint where

9    conduct at issue was taken by defendant's affiliate, not defendant).  NetEase is a

10    passive holding company, and it does not own, operate, or direct the operations of

11    163.com.  *See* Liu Decl. ¶¶ 6, 9.  As is apparent from NetEase's corporate structure

12    set forth in its SEC filings, NetEase is not involved in the ownership, maintenance,

13    or oversight of 163.com.  *See id.* ¶¶ 7, 9.  Plaintiff is aware of this.  *See* Compl. ¶ 38

14    ("Plaintiff is informed that Defendant NETEASE claims that the NETEASE

15    WEBSITES are not owned by, registered to, or administered by NETEASE . . . .").

16         The complaint alleges infringement of images allegedly posted on 163.com.

17    *See id.* ¶¶ 20, 24, 28.  NetEase does not maintain, own, or operate, 163.com.  *See*

18    Liu Decl. ¶ 9.  Nor does NetEase oversee the daily operations of 163.com or direct

19    or contribute to the content posted on 163.com, including the alleged posting or

20    display of Plaintiff's images.  *See id.* ¶¶ 9, 17.  NetEase was unaware of the

21    Plaintiff's images until the filing of the complaint in this action.  *See id.* ¶ 11.

22    Plaintiff's other allegations of infringement, including participation with California-

23    based NetEase IT in a "search-and-copy" campaign, are false.  *See* Part

24    III(A)(3)(a)(i) *supra*.  Dismissal under Rule 12(b)(6) is warranted for the simple

25    reason that there is no allegation that NetEase infringed the copyrights, either

26    directly or secondarily.  *See Black* 977 F. Supp. 2d at 1011-13; *see also Apps v.*

27    *Universal Music Grp., Inc.*, 283 F. Supp. 3d 946, 950 (D. Nev. 2017) (explaining it

28    is "[a] general principle of corporate law deeply ingrained in our economic and

24

legal systems" that a parent holding company "is not liable for the acts of its subsidiaries") (quotation omitted).

## IV.     CONCLUSION

For the reasons set forth above, NetEase respectfully requests that the Court grant NetEase's motion and issue an order dismissing, with prejudice, Plaintiff's complaint.

Dated:  April 29, 2020                          Respectfully submitted,

                                                WHITE & CASE LLP

                                                */s/ Stefan M. Mentzer*
                                                Stefan M. Mentzer

                                                *Attorneys for Defendant NetEase, Inc.*